IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY DENTON,

Petitioner, No. CIV S-03-2041 DFL DAD P

vs.

M. KNOWLES,

Respondent. FINDINGS AND RECOMMENDATIONS

_________________________________/

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus attacking a judgment entered in the Sacramento County Superior Court on November 19, 1999. On March 22, 2005, respondent's motion to dismiss the petition was granted with leave to file an amended petition containing only exhausted claims and a motion to stay and hold the amended petition in abeyance. Before the court are petitioner's amended petition and motion to stay the petition and hold these proceedings in abeyance.

Respondent has opposed petitioner's motion on the ground that petitioner has not sustained his burden and effectively seeks to stay this proceeding indefinitely. Respondent contends that petitioner has not presented a sound reason or any admissible evidence to support his motion to stay and has not demonstrated diligence. Respondent cites the following chronology: on June 18, 2003, the California Supreme Court denied petitioner's petition for

review; on September 29, 2003, petitioner filed his mixed petition in the federal court; on May 14, 2004, respondent's motion to dismiss placed petitioner on notice that several of his claims were not exhausted by presentation to the California Supreme Court; on December 14, 2004, the magistrate judge issued findings and recommendations that further put petitioner on notice that he had not exhausted all of his claims; petitioner did not object to the findings and recommendations; on January 18, 2005, petitioner moved to dismiss his unexhausted claims and requested a stay; on March 22, 2005, the district judge adopted the findings and recommendations in full; on April 19, 2005, petitioner filed an amended petition and a motion for an indefinite stay.

Respondent cites the Supreme Court's recent decision holding that stay and abeyance is appropriate only when the district court determines there is good cause for the petitioner's failure to exhaust his claims in state court. Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528, 1534 (2005). Respondent argues that a stay is not warranted in the present case because, even if petitioner has good cause for his failure to exhaust all claims, petitioner has not offered any reasoning for his motion, has not demonstrated that the claims he seeks to pursue are cognizable under 28 U.S.C. § 2254, has not argued that he will be prejudiced if a stay is denied, and may have moved for a stay for the improper purpose of delay. In conclusion, respondent requests that the court deny petitioner's request for an indefinite stay.

Prior to Rhines, the abeyance procedure was available to federal habeas petitioners pursuant to well established Ninth Circuit authority. Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) ("Our precedent unequivocally authorizes district courts to stay fully exhausted federal petitions pending exhaustion of other claims."); Calderon v. United States Dist. Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998) (endorsing "withdrawal-and-abeyance" procedure); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) (recognizing trial court's authority to allow petitioner to amend a mixed petition to delete unexhausted claims and then hold the completely exhausted petition in abeyance pending

exhaustion); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997) (recognizing that the district court has discretion to stay a fully exhausted petition); Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that the district court abused its discretion in denying a capital habeas petitioner's motion to stay a petition containing only exhausted claims pending exhaustion of additional claims in state court).

In Rhines, the Supreme Court reconsidered the total exhaustion requirement of Rose v. Lundy, 455 U.S. 509 (1982), in light of new restrictions imposed on federal habeas petitions by the Antiterrorism and Effective Death Penalty Act of 1996. 125 S. Ct. at 1532-33. The Court affirmed that it is within the district court's discretion to stay a mixed habeas petition to allow the petitioner to present the unexhausted claims to the state court and then return to federal court for review of the perfected petition. 125 S. Ct. at 1535. The Court cautioned that the stay and abeyance procedure "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Even where good cause is found, the district court must not grant a stay when the petitioner's unexhausted claims are "plainly meritless." Id. Nor should the district court grant a stay if the petitioner engages in abusive litigation tactics or intentional delay. Id. Finally, a mixed petition should not be stayed indefinitely, and the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id.

In this case, respondent moved to dismiss three of four claims contained in petitioner's first ground for relief: a Sixth Amendment claim concerning breach of a written cooperation agreement, a Sixth Amendment claim concerning breach of a verbal agreement or promises, and a Fourteenth Amendment claim concerning breach of a verbal agreement or promises. Petitioner opposed respondent's motion based on his belief that all of his claims had been presented to the California Supreme Court either on direct appeal or by habeas petition. The undersigned found that petitioner had not fairly presented a Fourteenth Amendment breach-of-verbal-agreement claim to the California Supreme Court and that petitioner's Sixth

Amendment claims lack merit. In response to the December 14, 2004 findings and recommendations, petitioner promptly filed a motion "to delete the unexhausted claim involving the verbal plea agreement . . . [and] the Sixth Amendment claims pertaining to the plea agreements." (Pet'r's Mot. to Dismiss Unexhausted Claims and Hold Exhausted Claims in Abeyance filed Jan. 18, 2005, at 2.) By seeking to delete the Sixth Amendment claims entirely and by referring to a single unexhausted claim concerning the verbal plea agreement, petitioner appears to seek a stay solely for the purpose of exhausting his Fourteenth Amendment breach-of-verbal-agreement claim.

On this record, it appears that petitioner has moved for a stay only because the district court has ruled that he cannot proceed on a Fourteenth Amendment breach-of-verbal-agreement claim unless he returns to state court and exhausts that claim. The undersigned finds that the pro se petitioner had good cause for his failure to exhaust the claim previously, has not failed to act with diligence, and does not seek to stay these proceedings for an improper purpose. Cf. Taylor, 134 F.3d at 987 nn. 8 & 11 (failure to make a showing of diligence in pursuing additional claims may foreclose a stay). If petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interests of judicial economy as well as the interests of justice. The undersigned will therefore recommend that this action be stayed, with appropriate limitations, while petitioner exhausts his unexhausted Fourteenth Amendment claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's April 19, 2005 renewed motion to stay and hold these proceedings in abeyance be granted;

2. Petitioner be ordered to present his unexhausted claim to the California Supreme Court in a state habeas corpus petition to be filed as soon as possible but no later than thirty days after this action is stayed by final order of the district judge;

3. This action be stayed and the Clerk of the Court be directed to administratively close the case;

4. Petitioner be ordered to file and serve a status report in this case on the first court day of each month after the case is stayed; and

5. Petitioner be ordered to file and serve a motion to lift the stay of this action, along with a proposed second amended petition containing all exhausted claims, within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after these findings and recommendations are signed, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 31, 2005.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
dent2041.mstay