IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DENTON,<br><br>    Petitioner,<br><br>    vs.<br><br>MICHAEL MARTEL,[1] Warden (A), Mule Creek State Prison<br><br>    Respondent. | No. 2:03-cv-02041-TMB<br><br>MEMORANDUM DECISION |

  Petitioner Timothy Denton, a state prisoner appearing *pro se*, has petitioned for a writ of habeas corpus under 28 U.S.C. 2254.  Denton is presently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Mule Creek State Prison, Ione, California.

## I.  BACKGROUND/PRIOR PROCEEDINGS

  In August 1998 Denton was convicted after a trial by jury of corporal injury on his spouse (Cal. Penal Code § 273.5 (a)), attempting to dissuade a witness from reporting a crime (Cal. Penal Code § 136.1 (c)(1)), evading a police officer (Cal. Veh. Code § 2800.2), and providing false information to a peace officer (Cal. Penal Code § 148.9 (a)).  The trial court dismissed the first two counts.  The court found true the allegations that Petitioner had three prior serious felony convictions and had served two prior prison terms (Cal. Penal Code §§ 667 (b)-(i), 667.5 (b)).  Denton was sentenced to a term of imprisonment of 25 years to life, plus two years.

  Denton appealed his conviction to the California Court of Appeal, Third Appellate District, which affirmed the judgment on June 27, 2001, in a written, unpublished decision, and the California Supreme Court summarily denied the petition for review on October 10, 2001.

---

[1] Michael Martel, Warden (A), Mule Creek State Prison is substituted for M. L. Knowles, Warden, Mule Creek State Prison.  Fed. R. Civ. P. 17(d).

On June 25, 2002, Denton filed a Petition for Writ of Habeas Corpus in the Sacramento County Superior Court, which denied his Petition on July 19, 2002.  Denton filed identical petitions in the State Court of Appeal, Third Appellate District, and the State Supreme Court. The California Court of Appeal, Third Appellate District, denied the petition before that court on August 22, 2002, and the California Supreme Court denied the subsequent petition before that court on June 18, 2003.  On March 2, 2005, Petitioner filed a second Petition for Writ of Habeas Corpus in the California Supreme Court, which denied the petition on January 18, 2006.

Denton timely filed his petition for relief in this Court on September 29, 2003 and, with leave of court, his Second Amended Petition on June 22, 2006.

## II.  ISSUES PRESENTED/DEFENSES

In his Second Amended Petition Denton presents three grounds: (1)  the failure to honor a plea agreement violated his due process rights under the Fourteenth Amendment; (2) ineffective assistance of counsel;[2] and (3) in giving CALJIC 17.41.1, the trial court violated his rights under the Sixth and Fourteenth Amendments.

The Respondent concedes that Denton has exhausted his state court remedies as to the first and third grounds.  Respondent does not raise as an affirmative defense a procedural bar, non-retroactivity, or a statute of limitations as to either the first or third grounds.

## III.  STANDARD OF REVIEW

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3]  The Supreme Court has

_____

[2] Denton's second ground was dismissed by the Court upon the unopposed motion of Respondent.  Docket No. 47

[3] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[5]  When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable, "not just incorrect."[6]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[7] Finally, in a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[8]

In applying this standard, this Court reviews the last reasoned decision by the state court,[9] which in this case was that of the California Court of Appeal.  In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[10]

When there is no reasoned state court decision denying an issue presented to the state court and  raised in a federal habeas petition, this Court must assume that the state court decided all the issues presented to it and performed an independent review of the record to ascertain

---

[4] *Williams v. Taylor*, 529 U.S. at 412.

[5] *Carey v. Musladin*, 549 U.S. 70, ___, 127 S.Ct. 649, 654 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. ___, ___, 128 S.Ct. 743, 746-47 (2008) (per curiam).

[6] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[7] *Schriro v. Landrigan*, 550 U.S. ___, ___, 127 S.Ct. 1933, 1939 (2007).

[8] *Fry v. Pliler*, 551 U.S. ___, ___, 127 S.Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[9] *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004)

[10] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

MEMORANDUM DECISION
*Denton v. Martel*, 2:03-cv-2041-TMB                    3

whether the state court decision was objectively unreasonable.[11]  The scope of this review is for clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams*. . . .  Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law.  Only by that examination may we determine whether the state court's decision was objectively reasonable.[12]

To the extent that Denton raises issues of the proper application of State law, they are beyond the purview of this Court in a federal habeas proceeding.  It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law.[13]  A federal court must accept that state courts correctly applied state laws.[14]  A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[15]  This principle applied to federal habeas review of state convictions long before AEDPA.[16]  A federal court errs if it interprets a state legal doctrine in a manner that directly

---

[11] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

[12] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[13] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[14] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[15] *Bradshaw v. Richey,* 546 U.S. 74, 76, (2005); *see also West v. AT & T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law. . . .").

[16] *See Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law").

conflicts with the state supreme court's interpretation of the law.[17]  It does not matter that the state supreme court's statement of the law was dictum if it is perfectly clear and unambiguous.[18]

A determination of state law by a state appellate court is also binding in a federal habeas action.[19]  This is especially true where the highest court in the state has denied review of the lower court's decision.[20]

A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[21]  Nor may a federal court issue a habeas writ based upon a perceived error of state law, unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[22]

## IV.  DISCUSSION

Ground 1: Plea Agreement.

The California Court of Appeals rejected Denton's arguments on direct appeal, holding:

> Defendant argues the trial court should have specifically enforced the cooperation agreement because defendant had detrimentally relied on the agreement.
>
> In *People v. Rhoden* (1999) 75 Cal.App.4th 1346, 1352, the court addressed whether a prosecutor could withdraw from a plea agreement before the agreement was submitted to court.  The court concluded a prosecutor may withdraw from a plea bargain before a defendant pleads guilty or otherwise detrimentally relies on that bargain.  (*id.* at p. 1354.)  Quoting State v. *Beckes* (1980) 100 Wis.2d 1, 7 [300 N.W.2d 871, 874], the court stated:  "[a]bsent detrimental reliance on the bargain, the defendant has an adequate remedy by

[17] *See Bradshaw,* 546 U.S. at 76-78 ("Because the Sixth Circuit disregarded the Ohio Supreme Court's authoritative interpretation of Ohio law, its ruling on sufficiency of the evidence was erroneous.").

[18] *Id.* at 76.

[19] *See Hicks v. Feiock,* 485 U.S. 624, 629-30, 630 n. (1988) (noting state appellate court's determination of state law is binding and must be given deference).

[20] *Id.*; *see also West,* 311 U.S. at 237 ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court.").

[21] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[22] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

being restored to the position he occupied before he entered into the agreement."
(*Id.* at p. 1356.)

In *In* re *Kenneth H.* (2000) 80 Cal.App.4th 143, 148, we expressed our agreement with the rule set forth in *People v. Rhoden, supra.* We held that a minor who agreed to take a Polygraph examination in exchange for a dismissal of the charges against him if he passed, had detrimentally relied on the agreement when he took and passed the test. The minor relied on the agreement by waiving his Fifth Amendment right to remain silent and by paying $350 to take the polygraph exam. (*Id.* at p. 149.) Thus, the agreement was enforceable even though the Court had not yet approved the agreement. (*Id.* at pp. 147, 149.)

Here, as in *Kenneth H.,* the agreement is not a true plea bargain. This agreement is in the nature of a cooperation agreement. However, a cooperation agreement is analogous to a plea bargain, and we shall interpret it using the same contract law standards. (*United States v. Carrillo* (9th Cir. 1983) 709 F.2d 35, 36.)

Defendant argues he detrimentally relied on the agreement when he gave Brown information about the McDaniel case, resulting in his being labeled a "snitch" in jail, and ultimately leading to an altercation with another inmate. We disagree.

Defendant did not rely on his agreement with the district attorney when he gave Brown information about the McDaniel case. The transcript of defendant's interview indicates he knew before he gave Brown information that the information he gave in the interview would be disclosed to McDaniel's attorneys. Moreover, even before the interview, McDaniel was aware defendant had spoken with Brown and defendant had been involved in several confrontations with half-a-dozen inmates. Defendant did not give his agreement to the deal before telling Brown what he knew, and Brown would not make a deal until he heard what defendant had to say. In short, defendant gave Brown the information, knowing it would be disclosed to McDaniel's attorney before he consented to the cooperation agreement. In this situation, the defendant cannot be said to have detrimentally relied on the cooperation agreement.

The fact that the Court initially approved the written agreement is insufficient in this case to require enforcement of the agreement. In the usual plea agreement, the consideration given for the prosecutor's promise is not a corresponding promise on the part of the defendant, but the defendant's actual performance by pleading guilty. (*People v. Rhoden, supra,* 75 Cal.App.4th at p. 1353.) The agreement is therefore in the nature of a unilateral contract. (*Ibid.*) "'Thus, the prosecutor agrees to perform if and when defendant performs but has no right to compel defendant's performance. Similarly, the prosecutor may rescind his offer of a proposed plea arrangement before defendant consummates the

contract by pleading guilty or takes other action constituting detrimental reliance upon the agreement. [Citations.]'" (*Ibid.,* quoting *State v. Collins* (1980) 300 N.C. 142 [265 S.E.2d 172,176].)

Here, the defendant had not performed his part of the bargain, testifying against McDaniel, and the district attorney was not obligated to fulfill the agreement.

It is clearly the law that if, in fact, the prosecution breached the agreement, be it denominated a plea agreement as denominated by Denton, or, as more correctly denominated by the California Court of Appeals because it did not involve a plea, a cooperation agreement, the case must be remanded to the state courts for a determination of the appropriate remedy under the circumstances,[23] which, in this case, is most likely specific performance.[24]  As the California Court of Appeal noted, like plea agreements, cooperation agreements are contractual in nature and are analyzed under principles of contract law.[25]  The proper interpretation and effect of the agreement between the State of California and Denton in this case is a matter governed by California contract law,[26] a matter that, as noted above, is beyond the purview of this Court in a federal habeas proceeding.  The Court of Appeal found that Denton had not detrimentally relied upon the cooperation agreement.  This Court is bound by that finding unless Denton controverts it by clear and convincing evidence.[27]  A burden Denton has failed to carry.

Under the facts and circumstances of this case, this Court cannot say that a determination that the plea agreement or cooperation agreement was not breached was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[28]  Nor can this Court find that the state courts unreasonably applied the correct legal principle to the facts of Denton's case within the

---

[23] *See Santobello v. New York*, 404 U.S. 257, 262–63 (1971).

[24] *See Buckley v. Terhune*, 441 F.3d 688, 699 (9th Cir. 2006).

[25] *See United States v. Carrillo*, 709 F.2d 35, 36 (9th Cir. 1983).

[26] *Ricketts v. Adamson*, 483 U.S. 1, 6 n.3 (1987).

[27] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell, supra*.

[28] 28 U.S.C. § 2254(d).

scope of *Andrade–Williams-Landrigan*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable. Denton is not entitled to relief under his first ground.

Ground 3:  CALJIC 17.41.1.

Denton's arguments are foreclosed by the decision of the Ninth Circuit in *Brewer v. Hall*, 378 F.3d 952–56 (9th Cir.2004) (holding that CALJIC 17.41.1 is not unconstitutional); a decision by which this Court is bound.[29]  Denton is not entitled to relief under his third ground.

V.  CONCLUSION and ORDER

Denton is not entitled to relief under any grounds raised in the petition.  Accordingly,

**IT IS ORDERED THAT** the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[30]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Dated: December 2, 2008.

s/ Timothy M. Burgess<br>TIMOTHY M. BURGESS<br>United States District Judge

---

[29] *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir.2003) (en banc).

[30] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).